E-FILED
Monday, 30 March, 2026  09:22:27 AM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| CENTRAL LABORERS' PENSION FUND, CENTRAL LABORERS' SUPPLEMENTARY PENSION FUND, CENTRAL LABORERS' ANNUITY FUND, CENTRAL LABORERS' WELFARE FUND, CENTRAL LABORERS' RETIREMENT WELFARE FUND, NORTH CENTRAL ILLINOIS LABORERS' HEALTH & WELFARE FUND, ILLINOIS LABORERS' & CONTRACTORS TRAINING PROGRAM, ILLINOIS LABORERS' - EMPLOYERS' COOPERATION & EDUCATION TRUST, MIDWEST REGION FOUNDATION FOR FAIR CONTRACTING, MIDWEST REGION FOR FAIR CONTRACTING, CENTRAL ILLINOIS BUILDERS INDUSTRY ADVANCEMENT FUND, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | No.    22-cv-2184-CSB-EIL |
| v. | ) ) | |
| CENTURY ASPHALT AND CONSTRUCTION, INC. | ) ) ) ) | |
| Defendant. | ) | |

**MOTION FOR SUMMARY JUDGMENT**

NOW COME plaintiffs, CENTRAL LABORERS' PENSION FUND *et al*., by their attorneys, CAVANAGH & O'HARA LLP, and move this Court pursuant to Rule 56 of the Federal Rules of Civil Procedure for an Order entering summary judgment in their favor and against the defendant, CENTURY ASPHALT AND CONSTRUCTION, INC., and in support thereof, state as follows:

**INTRODUCTION**

This is a civil action brought under the Employee Retirement Income Security Act of 1974, as amended from time to time and codified at 29 U.S.C. §1001 *et seq.* ("ERISA"), the Labor Management Relations Act of 1947, as amended from time to time and codified at 29 U.S.C. §141 *et seq.* ("LMRA"), and federal common law. Plaintiffs include a group of employee benefit funds who provide health, retirement, training and other collectively bargained benefits to the employees of the defendant. The plaintiffs are administered in accordance with their governing trust agreements, and governing provisions of ERISA and the LMRA. Plaintiffs seek to recover delinquent contributions and related amounts the defendant is obligated to pay to the plaintiffs under the terms of applicable collective bargaining agreements, the plaintiffs' respective trust agreements, and governing provisions of ERISA and the LMRA.

The defendant is an "Employer" engaged in an industry within the meaning of the provisions of ERISA and bound by various collective bargaining agreements. Under the collective bargaining agreements, the defendant is obligated to pay fringe benefit contributions on behalf of its employees to the plaintiffs for each hour of covered work performed by the employees. The employees performing such covered work are members of, and represented by, labor organizations affiliated with the plaintiff employee benefit funds.

Plaintiffs periodically conduct payroll compliance examinations of contributing employers, including defendant, to verify that contributions are being properly reported and paid in accordance with the applicable collective bargaining agreements and trust agreements. In accordance with that practice, plaintiffs performed two payroll compliance examinations of defendant covering the periods of January 1, 2011 through February 28, 2017, and March 1, 2017 through December 31, 2022. Those examinations determined that defendant failed to report

and remit all contributions and dues owed to plaintiffs under the applicable collective bargaining agreements and trust agreements.

Plaintiffs initiated this action on August 30, 2022.  Pursuant to leave of Court, plaintiffs filed an amended complaint on April 15, 2024, which sought to collect delinquent contributions and other amounts owed by the defendant, including the amounts that were determined to be owed under the examinations.  Defendant filed its Answer on May 6, 2024.  On February 10, 2025, plaintiffs served defendant, by certified mail, with Plaintiffs' "Requests for Admission of Facts and Genuineness of Documents, Interrogatories, and Request to Produce Documents" (collectively the "Requests for Admissions").  As of the date of the filing of this Motion, defendant has not answered, objected or otherwise responded to the Requests for the Admissions.

Defendant's failure to respond to the Requests for Admissions results in each matter set forth therein being deemed admitted under Rule 36(a) of the Federal Rules of Civil Procedure. These deemed admissions conclusively establish defendant's contractual and statutory obligations, its failure to report and remit required contributions, and the specific amounts owed to plaintiffs. When considered together with the admissions contained in defendant's Answer, the affidavits submitted by plaintiffs, and the undisputed documentary evidence, there is no genuine issues of material fact as to defendant's liability or the amounts due.

The undisputed facts demonstrate that at the time of the filing of the amended complaint, defendant owed plaintiffs contributions and dues totaling $1,540,342.22 for hours of covered work performed and wages earned by defendant's employees during the period of January 1, 2011 through December 31, 2022, and during the months of August and October  through December of 2023.  Defendant also owed liquidated damages totaling $159,245.02 and audit

costs totaling $6,134.33, as provided under the plaintiffs' trust agreements and plan policies, as well as governing provisions of ERISA. In total, after application of a credit of $1,844.41, defendant owes the plaintiffs the sum of $1,703,877.16.  In addition, defendant owes plaintiffs reasonable attorneys' fees and costs.

## JURISDICTION

This court has jurisdiction over this case pursuant to Section 502(e)(1) of ERISA because federal district courts have exclusive jurisdiction under ERISA over civil actions cases like the present action (*see* 29 U.S.C. §1132(e)(1)).  This Court also has jurisdiction of this case pursuant to Section 301(a) of the LMRA, which grants the United States original jurisdiction over suits for violation of contracts between an employer and a labor organization in an industry affecting commerce, without respect to the amount in controversy and the citizenship of the parties (s*ee* 29 U.S.C. §185(a)).  To the extent this Complaint sets forth any state law claims, this Court has supplemental jurisdiction over those claims pursuant to 28 U.S.C. §1367(a).

## VENUE

Venue for civil cases like the present case is proper in a federal district court where the breach took place, where a defendant resides or may be found, or where the employee benefit plan is administered.  *See* §502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2). Venue for civil cases like the present case is proper in any federal district court having jurisdiction of the parties (*see* §301(a) of LMRA, 29 U.S.C. §185(a)). Venue is proper in this court because defendant's principal place of business is in Bourbonnais, Illinois which is in the County of Kankakee, Illinois, which is located within the venue of the District Court for the Central District of Illinois, Urbana Division.

## STATEMENT OF UNDISPUTED MATERIAL FACTS

### Admissions based upon Defendant's Answer

1.    All admissions contained in defendant's Answer (d/e 10), including those not separately enumerated in this Statement of Undisputed Material Facts, are incorporated herein as undisputed facts, and are binding on defendant and may be relied upon in full support and for purposes of this Motion.

2.    The Defendant's business address is in Bourbonnais, Illinois (d/e 19, Amended Complaint, p. 3, para. 9; d/e 20, Answer, p. 3, para. 9).

3.    The Defendant is an "Employer" engaged in an industry within the meaning of 29 U.S.C. §§1002 (5), (11), (12) and (14) (d/e 19, Amended Complaint, p. 3, para. 9; d/e 20, Answer, p. 3, para. 9).

4.    Defendant employs individuals who are participants in the employee benefit funds administered by plaintiff Central Laborers' Pension Fund and other named plaintiff trust funds pursuant to a collective bargaining agreement and participation agreement to which defendant is a party or otherwise bound (the "labor agreements") (d/e 19, Amended Complaint, p. 3, para. 10; d/e 20, Answer, p. 3, para. 10).

5.    Central Laborers' Pension Fund is the collection agent for and authorized to act on behalf of the other named plaintiffs, which are either employee benefit funds, labor organizations, and/or funds established pursuant to collective bargaining agreements between Laborers' International Union of North America ("Union") and certain employer associations whose employees are covered by the collective bargaining agreements with the Union, to collect employer contributions and other amounts owed to these plaintiffs (d/e 19, Amended Complaint, p. 2, para. 5; d/e 20, Answer, p. 2, para. 5).

6.     Copies of the labor agreements are attached to plaintiffs' amended complaint as Exhibit "B" (d/e 19, Amended Complaint, p. 3, para. 10; d/e 20, Answer, p. 3, para. 10).

7.     The labor agreements bind Defendant to the provisions of the plaintiffs' respective trust agreements (d/e 19, Amended Complaint, p. 3, para. 11; d/e 20, Answer, p. 3, para. 11).

8.     Pursuant to the labor agreements and the trust agreements, the defendant is required to report hours worked by its employees and make prompt payment of the contributions and other amounts required under the labor agreements to plaintiffs (d/e 19, Amended Complaint, p. 3, para. 12; d/e 20, Answer, p. 3, para. 12).

9.     Pursuant §1145 of ERISA, the defendant is required to pay contributions to the plaintiffs in accordance with the terms and conditions of plaintiffs' trust agreements (d/e 19, Amended Complaint, p. 3, para. 13; d/e 20, Answer, p. 3, para. 13).

10.     Pursuant to the labor agreements and trust agreements, plaintiffs have the right to examine the payroll books and records of the defendant to determine whether the defendant is paying plaintiffs all required contributions under the labor agreements (d/e 19, Amended Complaint, p. 3, para. 14; d/e 20, Answer, p. 4, para. 14).

11.     Pursuant to said trust agreement, plaintiff engaged Romolo & Associates to examine the payroll records of the defendant (d/e 19, Amended Complaint, p. 3, para. 15; d/e 20, Answer, p. 4, para. 15).

12.     A copy of the payroll examination report for the period of January 1, 2011 through February 28, 2017 is attached to the plaintiffs' amended complaint as Exhibit "C" (d/e 19, Amended Complaint, p. 3, para. 16; d/e 20, Answer, p. 4, para. 16).

13.	A copy of the payroll examination report for the period of March 1, 2017 through December 31, 2022 is attached to the plaintiffs' amended complaint as Exhibit "E" (d/e 19, Amended Complaint, p. 6, para. 28; d/e 20, Answer, p. 7, para. 28).

14.	Pursuant to Plaintiffs' trust agreements, the defendant owes plaintiffs liquidated damages equal to 10% of the amount of contributions that are not paid timely (d/e 19, Amended Complaint, p. 4, para. 17; d/e 20, Answer, p. 4, para. 17).

15.	Defendant employed individuals in 2014 through 2016, who performed work under the collective bargaining agreement for which contributions are owed to plaintiffs (d/e 19, Amended Complaint, p. 4, para. 20; d/e 20, Answer, p. 5, para. 20).

16.	Defendant employed individuals from 2017 to the present, who performed work under the collective bargaining agreement for which contributions are owed to plaintiffs (d/e 19, Amended Complaint, p. 7, para. 33; d/e 20, Answer, p. 8, para. 33).

17.	Pursuant to the terms of the labor agreements and trust agreements, the defendant is liable for reasonable attorneys' fees, court costs and all other reasonable expenses incurred by plaintiffs in the collection of delinquent contributions(d/e 19, Amended Complaint, p. 7, para. 31; d/e 20, Answer, p. 9, para. 31).

**Admissions based upon Requests for Admissions**

18.	All facts contained in the Requests for Admissions, a copy of which is attached hereto as Exhibit "1", and fully incorporated herein by this reference, including those not separately enumerated in this Statement of Undisputed Material Facts, are deemed admitted and conclusively established pursuant to Federal Rule of Civil Procedure 36(a)(3), based upon defendant's failure to answer or object to Plaintiffs' Requests for Admissions, and are

incorporated herein as undisputed facts and may be relied upon in full support and for purposes of this Motion.

19.    Defendant is signatory or otherwise bound by various collective bargaining agreements, participation agreements, and non-bargaining unit alumni and non-bargaining unit employees participation agreements with various Laborers' local unions and/or the plaintiffs ("Request for Admissions"), pp. 3-8, para. 3-50).

20.    The payroll examination report for the period of January 1, 2011 through February 28, 2017 identifies hours of covered work performed by employees of the Defendant for which contributions were required to be, but not, paid to plaintiffs under the labor agreements. ("Request for Admissions"), pp. 8-28, para. 51-199).

21.    The payroll examination report for the period of March 1, 2017 to December 31, 2022 identifies hours of covered work performed by employees of the Defendant for which contributions were required to be, but not, paid to plaintiffs under the labor agreements. ("Request for Admissions"), pp. 28-57, para. 200-430).

## ARGUMENT

### I.    Summary Judgment Standard

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Hedburg v. Indiana Bell Telephone Co., Inc.*, 47 F. 3d 928 (7th Cir. 1995). The moving party bears the initial burden of establishing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Becker v. Tenenbaum-Hill Associates, Inc.*, 914 F.2d 107, 110

(7th Cir. 1990).  An issue of fact is genuine only if the evidence is such that a reasonable trier of fact could return a verdict for the non-moving party.  *Smith v. Severn*, 129 F. 3d 419, 426 (7th Cir. 1997); *Carmody v. Board of Trustees of University of Illinois*, 893 F.3d 397, 401 (7th Cir. 2018)  Applying these standards, the undisputed evidence demonstrates that defendant failed to report and remit all required fringe benefit contributions owed to plaintiffs under the applicable collective bargaining agreements and trust documents. Accordingly, plaintiffs are entitled to summary judgment as a matter of law

**II.       Plaintiffs are Third-Party Beneficiaries of Collective Bargaining Agreement**

Employee benefit trust funds, like the plaintiffs in the instant action, stand in the position of a third party beneficiary to a collective bargaining agreement, with the ability to enforce the agreement in their own right.  *Central States v. Gerber Truck Service, Inc.*, 870 F. 2d 1148 (7th Cir. 1989).

**III.      Facts Deemed Admitted**

Rule 36(a) of the Federal Rules of Civil Procedure provides, in pertinent part,

(a)       Scope and Procedure.

(1)       Scope.

A party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to:

(A)       facts, the application of law to fact, or opinions about either; and

(B)       the genuineness of any described documents.

(2)       Form; Copy of a Document.

Each matter must be separately stated. A request to admit the genuineness of a document must be accompanied by a

> copy of the document unless it is, or has been, otherwise furnished or made available for inspection and copying.

> (3)    Time to Respond; Effect of Not Responding.

> A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney. A shorter or longer time for responding may be stipulated to under Rule 29 or be ordered by the court.

*Fed.R.Civ.P. 36(a)*.

On February 10, 2025, plaintiffs served defendant with Plaintiffs' "Requests for Admission of Facts and Genuineness of Documents, Interrogatories, and Request to Produce Documents" (collectively the "Requests for Admissions") (d/e 28, Certificate of Service). More than 30 days have passed since plaintiffs served defendant with Plaintiffs' Requests for Admissions. As of the filing date of plaintiffs' Motion for Summary Judgment, defendant has not answered, objected or otherwise responded to Plaintiffs' Requests for Admissions. Further, the parties have not stipulated to, nor has the court ordered, a longer time for responding to plaintiffs' Requests for Admissions. As a result, the facts and genuineness of documents sought to be admitted in Plaintiffs' Requests for Admissions are deemed admitted.

Admissions under Rule 36 of the Federal Rules of Civil Procedure can serve as the factual predicate for summary judgment, even when the admissions are by default. *United States of America v. Kasuboski*, 834 F. 2d 1345 (7th Cir. 1987). Rule 36(b) of the Federal Rules of Civil Procedure provide, in pertinent part,

> (b)    Effect of an Admission; Withdrawing or Amending It.

> A matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended.

In the present case, no motion has been filed requesting that the admissions be withdrawn or amended, and the Court has not otherwise ordered that the admissions be withdrawn or amended. As a result, the matters admitted due to defendant's failure to respond to Plaintiffs' Requests for Admissions are conclusively established.

### IV.    Delinquent Contributions Owed to Plaintiffs

The plaintiffs include a group of multiemployer employee benefit funds that are administered pursuant to the terms and provisions of certain trust agreements (the "Trust Agreements") and maintained in accordance with the provisions of ERISA and the LMRA (d/e 19, Amended Complaint, p. 2, paras. 2-3; d/e 20, Answer, pp. 1-2, paras. 2-3).  The employee benefit funds provides health, welfare, and other benefits to employees of various employers who pay contributions to the employee benefit funds on behalf of the employees pursuant to collective bargaining agreements between the employers and/or their employer associations and local labor organizations (Affidavit of Kyle Forshee, attached hereto as Exhibit "2", and fully incorporated herein by this reference, page 2, para. 3 ("Forshee Affidavit"); *see also* d/e 19, Amended Complaint, p. 3, para. 10; d/e 20, Answer, p. 3, para. 10).  Central Laborers' Pension Fund acts as a collection agent and point of receipt for the other named plaintiffs and is authorized to collect contributions and other amounts owed to them under applicable collective bargaining agreements (d/e 19, Amended Complaint, p. 2, para. 5; d/e 20, Answer, p. 2, para. 5; Forshee Affidavit, p. 2, para. 4).

Defendant is an "Employer" engaged in an industry within the meaning of 29 U.S.C. §§1002 (5), (11), (12) and (14) (d/e 19, Amended Complaint, p. 3, para. 9; d/e 20, Answer, p. 3, para. 9). The defendant is signatory or otherwise bound by various collective bargaining agreements, participation agreements, and non-bargaining unit alumni and non-bargaining unit

employees participation agreements with various Laborers' local unions and/or the plaintiffs (collectively, the "Collective Bargaining Agreements") (Exhibit 1, pp. 3-8, para. 3-50; Forshee Affidavit, p. 3, para. 10(a)). Under the Collective Bargaining Agreements, the defendant is required to pay contributions to plaintiffs for hours of covered work performed by its employees each month (d/e 19, Amended Complaint, p. 3, para. 12; d/e 20, Answer, p. 3, para. 12; Forshee Affidavit, p. 3, para. 10(d)).  Pursuant to §1145 of ERISA, the defendant is also required to pay these contributions in accordance with the terms and conditions of the Trust Agreements, which provides:

> Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement. *29 U.S.C. § 1145*.

The plaintiffs have the right under the Trust Agreements to examine the payroll books and records of the defendant to determine whether the defendant is paying all required contributions and dues owed under the Collective Bargaining Agreements (d/e 19, Amended Complaint, p. 3, para. 14; d/e 20, Answer, p. 4, para. 14).  The plaintiffs retained Romolo & Associates, LLC ("Romolo & Associates") to perform a payroll examination of defendant for the period of January 1, 2011 through February 28, 2017 and for the period of March 1, 2017 through December 31, 2022 (Forshee Affidavit, p. 4, para. 11; Affidavit of Joe Romolo, attached hereto as Exhibit "3", and fully incorporated herein by this reference, page 2, para. 7 ("Romolo Affidavit")).  The payroll examinations relied upon payroll and related records maintained by the defendant in the ordinary course of business (Romolo Affidavit, p. 2, para. 9) and were performed using procedures specified by the plaintiffs that are designed to determine whether payroll information reported by the defendant to the plaintiffs complies with the reporting and

contribution requirements of the applicable collective bargaining agreements and the plaintiffs' trust agreements (the "Procedures") (Romolo Affidavit, p. 2, para. 10). The Procedures utilized in the payroll examinations are procedures commonly used by licensed accounting firms in performing similar payroll examination engagements for multiemployer benefit funds (Romolo Affidavit, p. 3, para. 11). The Procedures utilized in the payroll examinations were performed in accordance with applicable professional standards established by the American Institute of Certified Public Accountants (Romolo Affidavit, p. 3, para. 12).

Romolo & Associates prepared a written report of the findings of each payroll examination (Romolo Affidavit, p. 3, para. 13; Forshee Affidavit, p. 4, paras. 12-14; d/e 19, Amended Complaint, p. 3, para. 16; d/e 20, Answer, p. 4, para. 16; d/e 19, Amended Complaint, p. 6, para. 28; d/e 20, Answer, p. 7, para. 28). Each payroll examination reviewed the defendant's payroll and related records and identified unreported hours worked and wages earned by the defendant's covered employees, together with the corresponding contributions and dues owed to the plaintiffs for the relevant periods (Romolo Affidavit, p. 3, para. 16; Forshee Affidavit, p. 4, para. 15). The payroll examination covering the period of January 1, 2011 through February 28, 2017 determined that the defendant did not report all hours worked and wages earned by its employees and did not remit the required contributions and dues owed to the Funds, resulting in additional contributions and dues totaling $334,785.33 (Romolo Affidavit, p. 4, para. 20; Forshee Affidavit, p. 4, para. 16; Exhibit 1, pp. 8-28, para. 51-199). The payroll examination covering the period of March 1, 2017 through December 31, 2022 determined that the defendant did not report all hours worked and wages earned by its employees and did not remit the required contributions and dues owed to the Funds, resulting in additional contributions and dues totaling $1,174,552.35 (Romolo Affidavit, p. 4, para. 21; Forshee Affidavit, p. 4, para.

17; Exhibit 1, pp. 28-57, para. 200-430).  The contributions owed to the plaintiffs for the relevant periods were calculated in accordance with the contribution rates set forth in the applicable collective bargaining agreements for the area in which the work was performed by multiplying the applicable contribution rates by the number of hours worked by employees that were not reported to the plaintiffs (Romolo Affidavit, p. 3, para. 17).  The dues owed to the plaintiffs for the relevant periods were calculated in accordance with the applicable collective bargaining agreements by multiplying the required dues percentage by the gross wages earned by employees that were not reported to the plaintiffs (Romolo Affidavit, p. 4, para. 18).

When an employee benefit fund presents evidence calling into question the accuracy or adequacy of an employer's record-keeping practices, the employer bears an evidentiary burden to rebut the employee benefit fund's showing and establish a genuine issue of material fact barring summary judgment.  *Laborers' Pension Fund v. RES Environmental Services, Inc.*, 377 F.3d 735 (7th Cir. 2004).  Once an employee benefit fund produces an apparently sound accounting suggesting that money is owed, the employer must establish with evidence that it complied with its reporting and payment obligations to the employment benefit fund.  In the absence of such evidence, the employee benefit fund is entitled to summary judgment based upon the findings of the accounting.  *Chicago Dist. Council of Carpenters Pension Fund v. Reinke Insulation Co.*, 347 F. 3d 262, 264-265 (7th Cir. 2003).

In addition to the contributions determined to be owed by the payroll examinations, the plaintiffs have determined that defendant owes additional contributions of $380.72 for unreported hours in June, July and October of 2015; additional contributions of $229.46 for unreported hours during the period of May through October of 2016; additional contributions of $24,639.54 for unreported hours in August and October through December of 2023 (Forshee

Affidavit, pp. 7-8, paras. 31-33). These contributions were determined by comparing payroll information received from defendant's employees which showed hours of work by the employees and information regarding hours worked that was reported by the defendant (Forshee Affidavit, pp. 7-8, paras. 31-34). The contribution amounts were calculated in accordance with the contribution rates set forth in the Collective Bargaining Agreements for the area in which the work was performed by multiplying the applicable contribution rates by the number of hours worked by employees that were not reported to the Funds (Forshee Affidavit, pp. 7-8, paras. 31(a)-33(a)). In addition, plaintiffs determined, based upon reporting information submitted by defendant in its Monthly Reports, that defendant incorrectly calculated certain contributions owed to the Funds and therefore owes additional contributions in the amount of $5,754.82 for contribution shortages relating to hours worked by its employees in June, July, and August 2022 (Forshee Affidavit, p. 9, para. 34).

The plaintiffs have presented competent evidence establishing the results of the payroll examinations and the amounts of contributions and dues that are owed. The defendant has produced no evidence that contradicts the findings of the payroll examinations and the determination of other contributions that are owed or that demonstrates it complied with its contractual reporting and payment obligations. To the contrary, defendant has admitted that the payroll examination findings correctly identify hours of covered work performed by employees for which contributions were required to be, but not, paid to plaintiffs under the Collective Bargaining Agreements (Exhibit 1, pp. 8-28, para. 51-199 and pp. 28-57, para. 200-430). Accordingly, the undisputed material facts, together with the payroll examination reports, the supporting affidavits, and defendant's admissions, conclusively establish that defendant failed to report and remit required contributions and dues owed to plaintiffs and establish the amount of

those delinquent contributions and dues. Because defendant has failed to produce evidence creating a genuine issue of material fact regarding the findings of the payroll examinations or the amounts owed, plaintiffs are entitled to summary judgment as a matter of law and to an award of damages based upon those payroll examination findings.

### V.    Liquidated Damages owed to Plaintiffs

The undisputed material facts, together with the payroll examination reports, the supporting affidavits, and defendant's admissions, conclusively establish that defendant failed to report and remit required contributions and dues owed to plaintiffs during the period of January 1, 2011 through December 31, 2022, and during the months of August and October through December of 2023.  These contributions remain unpaid and are delinquent because defendant failed to report and pay contributions for these hours of work by the 15th day of the month following the month in which the hours were worked by the employees and has not received an extension of time to pay these amounts by the Trustees (Forshee Affidavit, p. 5, para 18, and pp. 7-8, paras. 31(b)-33(b)).  Under the Trust Agreements, if an employer fails to pay contributions and dues within fifteen (15) days of the original due date, or within an extension granted by the Trustees by resolution, not to exceed forty-five (45) days, the employer must, in addition to the contributions and dues owed, pay liquidated damages equal to ten percent (10%) of the delinquent amounts or twenty-five dollars ($25.00), whichever is greater (d/e 19, Exhibit A, p. 22 Section 7; Forshee Affidavit, p. 5, para. 19).

Pursuant to the Trust Agreements, defendant was assessed and owes liquidated damages equal to 10% of the delinquent amounts found due by the payroll examinations.  The payroll examination covering the period of January 1, 2011 through February 28, 2017 determined that defendant is delinquent in paying contributions and dues of $334,785.33.  The corresponding

liquidated damages that are owed total $33,478.53, which is equal to ten percent (10%) of this amount (Forshee Affidavit, p. 5, para. 20). The payroll examination covering the period of March 1, 2017 through December 31, 2022 determined that defendant is delinquent in paying contributions and dues of $1,174,552.35. The corresponding liquidated damages that are owed total $117,270.79, which is equal to ten percent (10%) of this amount (Forshee Affidavit, p. 5, para. 21).

In addition to the contributions determined to be owed by the payroll examinations, the plaintiffs determined that defendant is delinquent in paying additional contributions of $380.72 for unreported hours in June, July and October of 2015; additional contributions of $229.46 for unreported hours during the period of May through October of 2016; additional contributions of $24,639.54 for unreported hours in August and October through December of 2023 (Forshee Affidavit, pp. 7-8, paras. 31-33). Pursuant to the Trust Agreements, defendant was assessed and owes liquidated damages equal to 10% of these delinquent amounts. The corresponding liquidated damages that are owed for these amounts total $38.07 for delinquent contributions for June, July and October of 2015; $22.95 for delinquent contributions for period of May through October of 2016; $2,463.95 for delinquent contributions for August and October through December of 2023, which assessments are equal to ten percent (10%) of the delinquent contributions (Forshee Affidavit, pp. 7-8, paras. 31-33).

Finally, the Employer has a balance due for liquidated damages assessed on contributions that were paid late over the period of November 2014 through October 2023. These contributions were paid after their original due dates without any extension granted by the Trustees. Pursuant to the Trust Agreements, defendant was assessed and owes liquidated damages equal to 10% of the contributions paid late. The plaintiffs have calculated that

defendant owes $5,970.73 in liquidated damages assessments for contributions paid late over this period, which assessments are equal to ten percent (10%) of the delinquent contributions (Forshee Affidavit, p. 9, para. 35).

Plaintiffs are also entitled to an award of liquidated damages under ERISA. Every employer obligated under a collective bargaining agreement to make fringe benefit contributions to employee benefit plans is required under Section 515 of ERISA to make those fringe benefit contributions in accordance with the terms of such agreement. 29 U.S.C. §1145. The failure to do so subjects an employer to the provisions of Section 502(g)(2) of ERISA. (29 U.S.C. §1132(g)(2)). Pursuant to section 502(g)(2) of ERISA, if judgment is entered in favor of plaintiffs, then the court must award plaintiff the liquidated damages. The award of liquidated damages under section 502(g)(2) or ERISA is mandatory. *Laborers Health and Welfare Trust Fund for Northern California v. Advanced Lightweight Concrete Co., Inc.*, 484 U.S. 539, 547 (1988).

### VI.     Audit Costs

The plaintiffs paid audit costs to Romolo & Associates of $2,455.00 for the payroll examination covering the period of January 1, 2011 through February 28, 2017, and $3,679.33 for the payroll examination covering the period of March 1, 2017 through December 31, 2022 (Forshee Affidavit, p. 6, paras. 22, 24; Romolo Affidavit, p. 4, paras. 22, 24). The charges were reasonable and customary for the payroll examination services of this nature (Romolo Affidavit, p. 4, para. 26). Further, the examinations and the associated charges were necessary to determine the extent of the defendant's delinquencies (Forshee Affidavit, p. 6, para. 26).

Under the Trust Agreements and the Funds' policies, an employer is responsible for the entire cost of an audit if (1) an employer intentionally did not pay contributions to the Funds; or (2) an employer unintentionally did not pay contributions to the Funds, but the unpaid contributions exceed five percent (5%) of the total contributions paid by an employer during the audit period; or (3) the Funds have to file suit to compel the employer's cooperation with the audit (d/e 19, Exhibit A, p. 22, Section 10; Forshee Affidavit, p. 6 para. 27).  In this case, the defendant is responsible for the entire cost of the payroll examinations for one or more of the following reasons (1) there is nothing in the payroll examinations to indicate that the defendant's failure to pay contributions was anything other than intentional on the part of the defendant; (2) a review of the defendant's contribution history for the examination periods determined the unpaid contributions exceed five percent (5%) of the total contributions paid by the defendant during each period; and (3) the plaintiffs had to file suit to compel the defendant's cooperation with the examination process.  Accordingly, the audit costs in this case are fair, reasonable, and necessary and appropriate under the circumstances, and recoverable by the plaintiffs under their Trust Agreements and section 502(g)(2) of ERISA.

## VII.    Attorney's Fees and Costs

As a result of the defendant's noncompliance with its obligations under the Collective Bargaining Agreements and Trust Agreements, the plaintiffs were required to retain legal counsel and incurred attorneys' fees and costs in connection with efforts to collect delinquent contributions owed by the defendant.  Pursuant to the Trust Agreements and the applicable provisions of ERISA, the defendant is liable for attorneys' fees, court costs and all other reasonable expenses incurred by the plaintiffs in the collection of delinquent contributions.  More specifically, under the Trust Agreements, the plaintiffs are entitled to recover all reasonable costs

in the collection process, including attorneys' fees and court costs (d/e 19, Exhibit A, p. 22, Section 9; Forshee Affidavit, p. 10, para. 43).

Further, under Section 515 of ERISA, every employer obligated under a collective bargaining agreement to pay fringe benefit contributions to employee benefit plans, is required to pay the fringe benefit contributions in accordance with the terms of such agreement. 29 U.S.C. §1145. The failure to do so subjects an employer to the provisions of Section 502(g)(2) of ERISA and entitles employee benefit plan to recover attorneys' fees and costs. (29 U.S.C. §1132(g)(2)). The award of attorneys' fees and costs under section 502(g)(2) or ERISA is mandatory. *Laborers Health and Welfare Trust Fund for Northern California v. Advanced Lightweight Concrete Co., Inc.*, 484 U.S. 539, 547 (1988). If judgment is entered in favor of plaintiffs in this case, then this Court must award plaintiffs their reasonable attorneys' fees and costs.

The defendant's failure to report hours worked by its employees and remit the required contributions and dues to the Funds directly and foreseeably caused the Funds to incur substantial legal fees and costs. These expenses were necessitated by the defendant's noncompliance with its contractual and statutory obligations and the resulting need to protect the rights and benefits of the Funds' participants and beneficiaries. Had the defendant complied promptly with its obligations under the collective bargaining agreement and trust documents, the extensive resources expended in this matter would have been unnecessary (Affidavit in Support of Attorney's Fees, attached hereto as Exhibit "4", and fully incorporated herein by this reference, page 2, para. 8).

Without limitation, the following actions and inactions by the defendant contributed significantly to the escalation of fees and costs. The defendant ignored written payment demands

and the plaintiffs' request for a payroll examination, forcing the Funds to initiate federal litigation. After suit was filed, the defendant agreed to the payroll examination, which resulted in the need to file an Amended Complaint to reflect additional contributions that were determined to be owed based upon the payroll examination.  After the filing of the Amended Complaint, the defendant took only minimal actions in response to this action, which ultimately were insufficient to meaningfully defend the claims asserted, but enough to cause delay, complicate the proceedings, require discovery and motion practice, and significantly increase the fees and costs incurred by the plaintiffs (Exhibit "4", page 2, para. 8).

Each of these actions, and the additional attorney time required to address them, was a direct and foreseeable result of the defendant's continued noncompliance with its contractual and statutory obligations. As a result, the Funds incurred additional attorneys' fees and costs that were reasonable and necessary to enforce the defendant's reporting and contribution obligations, obtain judgment for all amounts owed, and place the Funds in a position to pursue recovery of those amounts in order to protect the interests of the Funds and their participants and beneficiaries (Exhibit "4", page 2, para. 8).

In total, the plaintiffs incurred attorneys' fees and costs in the sum of $35,146.17 (Exhibit "4", page 3, para. 9).  The attorneys' fees and costs are reasonable and were necessary to enforce the plaintiffs' contractual and statutory rights (Forshee Affidavit, p. 10, paras 45, 46). Each phase of legal work undertaken was tailored to the complexity and evolving nature of the matter and aligned with the plaintiffs' fiduciary duty to pursue all reasonable means of recovery of contributions (Exhibit "4", p. 14, para. 12).  The fees and costs reflect the time, expertise, and resources reasonably required to address the defendant's noncompliance and to prosecute this matter diligently, and they are consistent with prevailing market rates for comparable employee-

benefits and ERISA-enforcement work in this District (Exhibit "4", p. 14, para. 11). Accordingly, the attorneys' fees and costs incurred are fair, reasonable, and appropriate under the circumstances, and recoverable by the plaintiffs under their Trust Agreements and applicable provisions of ERISA.

## VIII.  Credit

The Employer is entitled to a credit in the amount of $1,844.41, which operates as an offset against the amounts otherwise due to the Funds (Forshee Affidavit, p. 9, para. 36).

## IX.    Sums Due

Based upon the undisputed material facts in this matter, the defendant owes plaintiffs after all just credits the total amount of $1,739,023.33 as itemized below:

| | |
|---|---|
| Contributions and Dues: | $1,540,342.22 |
| Liquidated Damages: | $  159,245.02 |
| Audit Costs: | $      6,134.33 |
| Credit: | $     (1,844.41) |
| Attorneys' Fees and Costs: | $    35,146.17 |
| | ------------------- |
| | $1,739,023.33 |

## CONCLUSION

The undisputed material facts establish that defendant failed to remit the required contributions and dues owed to plaintiffs under the Collective Bargaining Agreements and Trust Agreements for hours of covered work performed and wages earned by defendant's employees during the period of January 1, 2011 through December 31, 2022, and during the months of August and October of 2023. This failure constitutes a breach of the Collective Bargaining Agreements and Trust Agreements. As a result, Defendant is liable for the delinquent contributions and dues owed to plaintiffs, as well as liquidated damages, audit costs, and reasonable attorneys' fees and costs, which all together total $1,739,023.33.  For the reasons

stated above, plaintiffs are entitled to entry of Summary Judgment in their favor and against defendant, in the amount of $1,739,023.33.

WHEREFORE, plaintiffs, CENTRAL LABORERS' PENSION FUND *et al.*, pray that this Court enter summary judgment in their favor and against the defendant, CENTURY ASPHALT AND CONSTRUCTION, INC., in the amount of $1,739,023.33, comprised of $1,540,342.22 in delinquent contributions and check-off dues; $159,245.02 in liquidated damages; $6,134.33 in audit costs; and $35,146.17 in attorneys' fees and costs, less a credit of $1,844.41; and grant the plaintiffs such further and other relief as this Court deems just and equitable.

CENTRAL LABORERS' PENSION FUND *et al.*, plaintiffs,

By:    s/ John P. Leahy
　　　JOHN P. LEAHY
　　　CAVANAGH & O'HARA LLP
　　　Attorneys for Plaintiffs
　　　2319 West Jefferson Street
　　　Springfield, IL 62702
　　　(217) 544-1771 – Telephone
　　　(217) 544-9894 – Facsimile
　　　johnleahy@cavanagh-ohara.com


　　　s/ Jacob A. Blickhan
　　　JACOB A. BLICKHAN
　　　CAVANAGH & O'HARA LLP
　　　Attorneys for Plaintiffs
　　　2319 West Jefferson Street
　　　Springfield, IL 62702
　　　(217) 544-1771 - Telephone
　　　(217) 544-9894 - Facsimile
　　　jacobblickhan@cavanagh-ohara.com

## CERTIFICATE OF SERVICE

I hereby certify that on March 30, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Todd A. Miller
tam@alloccomiller.com

Kathleen Cahill
kmc@alloccomiller.com

Respectfully submitted:

By:      s/ John P. Leahy
        JOHN P. LEAHY
        CAVANAGH & O'HARA LLP
        Attorneys for Plaintiffs
        2319 W. Jefferson Street
        Springfield, IL 62701
        (217) 544-1771 – Telephone
        (217) 544-9894 – Facsimile
        johnleahy@cavanagh-ohara.com