E-FILED
Monday, 30 March, 2026  09:22:32 AM
Clerk, U.S. District Court, ILCD

# Exhibit 42

01/07/2008 MON 09:57 FAX 815 933 0635      K3 County Community Svc.                    ☑002

12887

1302 Heather Rd E
Bourbonnais, Illinois 60914
815-546-0220
815-933-0635
centuryasphalt@aol.com


**Century Asphalt &
Construction**

# Fax

R E C E I V E D
JAN – 7 2008

NORTH CENTRAL IL LABORERS'
HEALTH & WELFARE FUND

**To:** North Central Laborers    **From:** Cleotis Johnson

**Fax**    **Pages:** 2

**Phone:** 815-546-0220    **Date:** 1-2-08

**Re:** Now Bargaining Employer    **cc:**

☐ Urgent    ☒ For Review    ☐ Please Comment    ☐ Please Reply    ☐ Please Recycle

**• Comments:** Questionnaire for Eligibility

Thank-you

01/07/2008 MON 09:41 FAX 815 933 0635     K3 County Community Svc.     @003

## QUESTIONNAIRE FOR DETERMINATION OF ELIGIBILITY FOR
## CORPORATE OWNERS TO PARTICIPATE IN
## NORTH CENTRAL ILLINOIS LABORERS' HEALTH & WELFARE FUND

No owner of a sole proprietorship; or a partner in a partnership, shall be considered as an Employee under this Plan.

An officer or stockholder having a direct or indirect controlling interest in any corporation may be able to participate in the North Central Illinois Laborers' Health & Welfare Fund as a Non-Bargained Employee subject to a separate Participation Agreement directly with the Fund.

The answers to the following criteria will be used to determine whether or not an individual would have "direct or indirect" controlling interest and would therefore be a Non-Bargained Employee.

Century Asphalt + Construction Inc. — ▮▮▮▮▮▮ — President
Name of Company                                    Name of Owner/Officer

Cleotis Johnson / President

Please indicate the type of Business

Sole Proprietorship     _____
Partnership             _____
LLC                     _____
Corporation             ___X___

1. Does the employer have the right to exercise control over the work of the individual in questions? **Yes**

2. Is the work done by the individual in question normally done under the supervision of an employer? **No**

3. Is the work done by the individual in question part of the employer's regular business? **Yes**

4. Is the individual in question compensated on an hourly basis? **Yes**

5. Is the individual in question compensated on a salaried basis? **No**

6. Is the individual in question compensated based on a fixed fee to accomplish a particular task or project? **No**

7. Is the individual in question using tools, equipment or a place of work that was provided by the employer? **Yes**

8. Did the individual in question using tools, equipment or a place to work furnish these items at his/her own expense? **Yes**

9. Will any lease and/or purchases of equipment be negotiated, executed and signed by the individual in question? **Yes**

10. Will any actions for the sale, conveyance or lease of real estate for or on behalf of the corporation be negotiated, executed and signed by the individual in question? **Yes**

**QUESTIONNAIRE FOR DETERMINATION OF ELIGIBILITY FOR
CORPORATE OWNERS TO PARTICIPATE IN
NORTH CENTRAL ILLINOIS LABORERS' HEALTH & WELFARE FUND**

11. Will securing loans or pledging security for or on behalf of the corporation be negotiated, executed and signed by the individual in question?
*Yes*

12. Is the individual in question running the day-to-day management of the company?
*yes*

13. Does the individual in question negotiate and sign contracts, with respect to labor relations, on behalf of the corporation?
*yes*

14. What percentage of stock, if any, does the individual in question hold with respect to the corporation? *36%*

NOTE: The individual in question would not be excluded because of any one question being answered "yes," and by the same token, one would not have to answer "yes" to all fourteen questions to have the individual in question be excluded. A preponderance of data would be reviewed to determine the eligibility of the individual in question.

Employer _Century Asphalt and Construction Inc._

Title _President_

Date _12-20-07_

Signature _████████_

01/10/2008 THU 10:17 FAX 815 933 0635     K3 County Community Svc.                         ☑002
01/09/2008  10:55    3095920862     NCIL HLTH & WEL FD                    RECEIVED

*Cleotis Johnson - Plan B*
*effective 12/07*

751-SB5

JAN 10 2008

NORTH CENTRAL IL LABORERS'
HEALTH & WELFARE FUND

# NORTH CENTRAL ILLINOIS LABORERS' HEALTH & WELFARE FUND
## PARTICIPATION AGREEMENT

### - NON BARGAINING UNIT ALUMNI & NON BARGAINING UNIT EMPLOYEES -
### - EMPLOYED BY THE DISTRICT COUNCIL, LOCAL UNION OR FUND OFFICE -

THIS AGREEMENT made and entered into the __1__ day of ___May___, 20 _07_ by and between the Employer and Fund signatory hereto by their duly authorized representatives.

### WITNESSETH:

WHEREAS, the Fund and the Employer have entered to an Agreement which provides for participation in the North Central Illinois Laborers' Health & Welfare Fund in order to obtain health and welfare benefits for employees employed by the Employer, who are full-time bargaining unit alumni employees and non-bargaining unit employees employed by the District Council, Local Union or the Fund Office.

NOW, THEREFORE, for and in consideration of the promises and mutual covenants herein contained, and subject to the written acceptance of the parties by said Trust, the Employer hereby agrees as follows:

1.  The Employer agrees to be bound by, and hereby assents to, all of the terms of the Trust Agreement creating said North Central Illinois Laborers' Health & Welfare Fund, all of the rules and regulations heretofore and hereafter adopted by the Trustees of said Trust Fund pursuant to said Trust Agreement, and all of the actions of the Trustees in administering said Trust Fund in accordance with the Trust Agreement and rules adopted.

2.  The Employer hereby accepts as Employer Trustees the present Employer Trustees appointed under said Trust Agreement and all such past or succeeding Employer Trustees as shall have been or will be appointed in accordance with the terms of the Trust Agreement.

3.  Retiree benefits have been made available by the trustees as a privilege, not a right. No person acquires a vested right to such benefits either before or after his or her retirement. The trustees may expand, reduce or cancel coverage for retirees; change eligibility requirements or the amount of contributions; and otherwise exercise their prudent discretion at any time without legal right or recourse by a retiree or any other person.

4.  This Agreement is not binding upon the Fund until accepted by the Trustees and confirmation of same is sent out over the signature of an authorized Fund representative.

*Apvo 30, 08*
*Beg H&H May 1, 08*

01/10/2008 THU 10:18 FAX 815 933 0635     K3 County Community Svc.     ☑003
01/09/2008  10:55   3096920662

5.  It is agreed that all contributions shall be made at such time and in such manner as the Trustees require; and the Trustees shall have the authority to audit the payroll and wage records of the undersigned Employer for the purpose of determining the accuracy of contributions to the Welfare Fund. If Employer is found not to have made the required contributions, the Trustees shall have the right to take whatever steps are necessary to secure compliance with this Participation Agreement including terminating the Agreement and future participation of Employer. It is specifically agreed and understood that the Employer will cooperate in making timely contributions and that failure to do so shall subject the Employer to attorney's fees, late payment fees, and lawsuits with the costs of such to be born by the Employer, and/or any other additional costs, including but not limited to accountant fees and costs of audit.

6.  The undersigned employer agrees to pay the equivalent contributions rate as that called for in the most recently negotiated collective bargaining agreement between the Union and the Employer for bargaining unit employees, and if non, the rates as determined by the Trustees to appropriately fund the level of benefits currently enjoyed by the employees covered. The employee contributions shall be made with respect to actual hours worked. Salaried employees shall be presumed to actually work forty (40) hours.

7.  The covered non-bargaining unit alumni and non-bargaining unit employees shall participate in the Health & Welfare Fund under the Eligibility B Plan, subject to the rules and regulations prescribed by the Trustees.

8.  This Agreement shall continue in effect until either the Trustees of the North Central Illinois Laborers' Health & Welfare Fund or an authorized representative of Employer gives notice of termination. Such notice must be in writing and shall be effective the first day of the month following the month in which it is received by the North Central Illinois Laborers' Health & Welfare Fund if Employer elects to terminate, or as of the first day of the month following the month said notice is sent, if the Trustees elect to terminate.

Century Asphalt + Construction Inc.
**Employer Name**

**Authorized Signature**

1-10-08
**Date**

North Central Illinois Laborers'
**Health & Welfare Fund**

**Authorized Signature**

January 10, 2008
**Date**