E-FILED
Monday, 30 March, 2026  09:22:34 AM
Clerk, U.S. District Court, ILCD

# EXHIBIT "4"

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

|  |  |  |
|---|---|---|
| CENTRAL LABORERS' PENSION FUND,<br>CENTRAL LABORERS' SUPPLEMENTARY<br>PENSION FUND, CENTRAL LABORERS'<br>ANNUITY FUND, CENTRAL LABORERS'<br>WELFARE FUND, CENTRAL LABORERS'<br>RETIREMENT WELFARE FUND,<br>NORTH CENTRAL ILLINOIS LABORERS'<br>HEALTH & WELFARE FUND,<br>ILLINOIS LABORERS' & CONTRACTORS<br>TRAINING PROGRAM, ILLINOIS LABORERS'<br>- EMPLOYERS' COOPERATION &<br>EDUCATION TRUST, MIDWEST REGION<br>FOUNDATION FOR FAIR CONTRACTING,<br>MIDWEST REGION FOR FAIR CONTRACTING,<br>CENTRAL ILLINOIS BUILDERS INDUSTRY<br>ADVANCEMENT FUND,<br><br>      Plaintiffs,<br><br>v.<br><br>CENTURY ASPHALT AND CONSTRUCTION,<br>INC.<br><br>      Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No.    22-cv-2184-CSB-EIL |
| STATE OF ILLINOIS<br><br>COUNTY OF SANGAMON | )<br>)<br>) |  |

## AFFIDAVIT IN SUPPORT OF ATTORNEY FEES

I, JOHN P. LEAHY, being duly sworn on oath, depose and state as follows:

1.    I am at attorney at law, duly licensed to practice in the state of Illinois.

2.    I am a partner in Cavanagh & O'Hara, LLP, located in Springfield, Illinois.

1

3.      Each of the statements set forth herein is true and correct to the best of my personal knowledge.  If I am called as a witness, I could and would competently testify to the facts stated herein.

4.      I am an experienced attorney in civil litigation, including collection actions brought under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq.

5.      Cavanagh & O'Hara, LLP was retained by Central Laborers' Pension Fund, on behalf of itself and the other plaintiffs (collectively, the "Funds") to pursue the collection of delinquent fringe benefit contributions and other amounts owed to the Funds by the defendant, and to compel a payroll examination of the defendant's payroll records.

6.      The Funds entered into a legal services agreement with Cavanagh & O'Hara, LLP and agreed to compensate the firm at the following hourly rates: Partners: $175.00 per hour through from 2017 through February 2022, $225.00 per hour from March 1, 2022 through March 31, 2025, $245.00 per hour from April 1, 2025 through December 31, 2025, and $250.00 per hour from January 1, 2026 to the present.  Associates: $175.00 per hour from March 1, 2022 through March 31, 2025, and $200.00 - $215.00 per hour (dependent upon experience) from April 1, 2025 to current.  The Fund also agreed to reimburse the firm for all costs reasonably incurred on its behalf.

7.      Since being retained for this matter, Cavanagh & O'Hara LLP has provided extensive legal services to the Funds in an attempt to recover delinquent contributions and other amounts owed to the Funds by the defendant. These services were necessary to enforce the Funds' rights under a collective bargaining agreement, the respective trust agreements of the Funds, and ERISA.

8.      The defendant's failure to report hours worked by its employees and remit the required contributions to the Funds directly and foreseeably caused the Funds to incur substantial

2

legal fees and costs. These expenses were necessitated by the defendant's noncompliance with its contractual and statutory obligations and the resulting need to protect the rights and benefits of the Funds' participants and beneficiaries. Had the defendant complied promptly with its obligations under the collective bargaining agreement and trust documents, the extensive resources expended in this matter would have been unnecessary.

Without limitation, the following actions and inactions by the defendant contributed significantly to the escalation of fees and costs. The defendant ignored written payment demands and the plaintiffs' request for a payroll examination, forcing the Funds to initiate federal litigation. After suit was filed, the defendant agreed to the payroll examination, which resulted in the need to file an Amended Complaint to reflect additional contributions that were determined to be owed based upon the payroll examination. After the filing of the Amended Complaint, the defendant took only minimal actions in response to this action, which ultimately were insufficient to meaningfully defend the claims asserted, but enough to cause delay, complicate the proceedings, require discovery and motion practice, and significantly increase the fees and costs incurred by the plaintiffs.

Each of these actions, and the additional attorney time required to address them, was a direct and foreseeable result of the defendant's continued noncompliance with its contractual and statutory obligations. As a result, the Funds incurred additional attorneys' fees and costs that were reasonable and necessary to enforce the defendant's reporting and contribution obligations, obtain judgment for all amounts owed, and place the Funds in a position to pursue recovery of those amounts in order to protect the interests of the Funds and their participants and beneficiaries.

9.      To date, the Funds have incurred the following attorney's fees and costs:

| DATE | DESCRIPTION | TIME |
| --- | --- | --- |

| | | |
|---|---|---|
| 06/21/17 JAB | Receipt and review of the audit report generated by Romolo & Associates, specifically review the various liability breakdowns | 1.00 |
| 06/21/17 JAB | Prepare demand letter to employer for the audit liability shown as due and owing | 0.50 |
| 07/06/17 JAB | Telephone conference with Employer to discuss audit challenges and that Employer must submit documentation to support its challenges | 0.30 |
| 07/25/17 JAB | Begin review of extensive audit challenges forwarded by the Employer | 1.00 |
| 02/28/18 JAB | Continue review of audit challenges and analyze the issue of the owner of the company participating in the Fund | 1.00 |
| 02/28/18 JAB | Begin preparation of detailed correspondence to Employer concerning clarification of audit challenges so the same can be presented to the Board | 0.50 |
| 03/29/22 JPL | Review file materials regarding employer's failure to schedule audit in preparation of sending demand letter to employer to schedule audit | 0.30 |
| 03/29/22 JPL | Review of Secretary of State online records regarding corporate status of employer | 0.20 |
| 03/29/22 JPL | Perform online research regarding employer and review court dockets regarding status of previous litigation against employer | 0.50 |
| 03/29/22 JPL | Preparation regarding initial demand letter to employer to compel audit | 0.30 |
| 08/25/22 JAB | Continue preparation of Complaint to compel audit | 1.50 |
| 08/30/22 JAB | Finalize the Complaint and prepare the same for filing; review and attach all exhibits; review damages breakdown; prepare summons and civil cover sheet | 1.25 |
| 08/30/22 JAB | Review issued summons and prepare the same for service | 0.25 |
| 10/20/22 JAB | Review file and issued summons; prepare the same for service | 0.25 |
| 12/28/22 JAB | Review file and affidavit of non service of complaint; prepare for filing with the Court | 0.30 |
| 12/28/22 JAB | Prepare motion for extension of time to serve Complaint | 0.75 |
| 01/05/23 JAB | Review Westlaw records and Illinois Secretary of State records to determine current accurate location for service | 0.75 |
| 01/05/23 JAB | Prepare Alias Summons; review issued Alias Summons | 0.25 |
| 01/05/23 JAB | Review Text Order from the Court resetting deadline to serve Complaint | 0.20 |
| 01/20/23 JAB | Exchange of emails with process server requesting copy of the affidavit | 0.20 |
| 01/24/23 JAB | Receipt and review of executed summons | 0.25 |
| 01/31/23 JAB | Telephone with Employer regarding audit and tentative settlement discussions | 0.25 |
| 01/31/23 JAB | Follow up telephone call with Employer to confirm scheduling of the audit | 0.20 |
| 01/31/23 HE | Drafted Motion for Extension of Time | 0.75 |

| | | |
|---|---|---|
| 02/01/23 JAB | Receipt and review of email from Lisa Catton regarding Employer request to delay start of the audit until May 1, 2023 | 0.20 |
| 03/03/23 JAB | Preparation of extension for Defendant to file Answer | 0.50 |
| 03/06/23 JAB | Receipt and review Text Order extending deadline to Answer Complaint | 0.20 |
| 03/07/23 JAB | Telephone with Employer regarding audit and court deadlines | 0.10 |
| 03/07/23 JAB | Exchange of emails with Lisa at Romolo to confirm the audit is scheduled | 0.20 |
| 03/09/23 JAB | Exchange of emails with Lisa at Romolo's office regarding payroll audit | 0.20 |
| 03/13/23 JAB | Prepare email to Lisa at Romolo's office concerning scheduling the payroll audit | 0.20 |
| 03/20/23 JAB | Review email from the Fund Office concerning payroll audit date | 0.10 |
| 03/21/23 JAB | Exchange of multiple correspondences with Romolo and Employer regarding scheduling payroll audit | 0.30 |
| 03/28/23 JAB | Review emails from Employer regarding payroll audit; prepare response | 0.20 |
| 04/03/23 JAB | Telephone with Employer regarding payroll audit and challenges to previous audit | 0.25 |
| 04/07/23 JAB | Review file status; review email from Cleotis Johnson concerning payroll audit | 0.20 |
| 04/07/23 JAB | Prepare motion to stay case pending outcome of the payroll audit | 0.75 |
| 04/11/23 JAB | Receipt and review of emails involving Romolo's office concerning scheduling of audit | 0.25 |
| 04/11/23 JAB | Receipt and review of the Court's Order granting motion to stay and resetting deadlines | 0.25 |
| 06/16/23 JAB | Prepare email to Lisa at Romolo's office regarding status of the payroll audit | 0.25 |
| 06/27/23 HE | Drafted status report for submission to Court | 0.50 |
| 07/07/23 JAB | Revise and finalize status report | 0.25 |
| 07/10/23 JAB | Receipt and review of Order granting continuation of the Stay | 0.20 |
| 08/10/23 JAB | Exchange of emails with Lisa at Romolo regarding status of payroll examination | 0.30 |
| 09/11/23 JAB | Exchange of emails with Angela at Romolo's office regarding status of payroll audit | 0.30 |
| 09/26/23 HE | Prepared updated status report to be filed with the Court by October 7, 2023 | 0.75 |
| 10/10/23 JAB | Review Text Order from the Court concerning deadlines | 0.20 |
| 10/26/23 HE | Receipt and review of audit report and additional correspondence from the Fund Office | 0.50 |
| 10/26/23 HE | Prepared demand letter to employer regarding audit report and corresponding liability | 0.50 |
| 10/27/23 HE | Revised and edited demand letter | 0.40 |

| 12/29/23 JAB | Review audit report; review letter; make revisions to letter | 0.75 |
|---|---|---|
| 01/05/24 HE | Prepared status report to be filed with the Court | 0.70 |
| 01/18/24 HE | Reviewed fax received from employer regarding audit liability and potential audit challenges | 0.50 |
| 01/19/24 HE | Reviewed case file to determine status of previous audit | 0.60 |
| 01/30/24 HE | Prepared correspondence to employer regarding outstanding audit liability. Reviewed case file to determine status of past audit | 0.80 |
| 02/21/24 HE | Receipt and review of emails from Employer regarding audit challenges | 0.25 |
| 02/27/24 HE | Began reviewing audit challenges submitted by Employer. Reviewed old case files to determine what past judgment notes and payment plan covered | 3.20 |
| 02/28/24 JAB | Review significant documents concerning audit challenges; review breakdown of issues provided by associate; create chart of amounts at issue with each specific challenge | 1.50 |
| 03/05/24 HE | Drafted email to Larry Sciortino regarding audit challenges | 0.90 |
| 03/06/24 HE | Telephone call to Larry Sciortino regarding audit challenges | 0.20 |
| 03/07/24 HE | Began drafting recommendation regarding audit challenges submitted by employer | 1.20 |
| 03/11/24 HE | Continued assessment of audit challenges. Began drafting motion for leave to amend complaint and status report | 1.40 |
| 03/18/24 HE | Receipt and review of correspondence from Fund Office regarding additional liquidated damages incurred by Employer. Continued drafting combined status report and motion for leave to amend complaint. Drafted Amended Complaint to include additional audit liability, liquidated damages, and delinquent contributions. Reviewed and edited the same | 2.50 |
| 03/22/24 JAB | Review Motion for Leave to Amend and Amended Complaint and make revisions thereto | 1.25 |
| 03/22/24 HE | Final preparation of Status Report and Motion for Leave to Amend Complaint. Final preparation of Amended Complaint and related exhibits. Prepare letter to Employer regarding status of audit challenges | 1.80 |
| 04/12/24 JAB | Review filings by attorneys Todd Miller and Megan Moore | 0.50 |
| 04/15/24 JAB | Review Order granting Motion to Amend Complaint and docketing amended complaint | 0.40 |
| 04/15/24 HE | Telephone conference and email correspondence with Employer's counsel | 0.50 |
| 05/06/24 JAB | Review and analyze Answer to the Complaint | 0.50 |
| 05/07/24 HE | Reviewed order entered by court regarding scheduling conference and proposed scheduling order | 0.40 |
| 05/09/24 HE | Telephone conference with Megan Moore regarding scheduling conference. Began drafting proposed scheduling and discovery plan | 1.25 |
| 05/17/24 JAB | Review scheduling order | 0.30 |

6

| 05/17/24 HE | Telephone conference with Megan Moore regarding requested CBAs and Wage Addendums | 0.20 |
|---|---|---|
| 05/22/24 HE | Began reviewing and preparing CBAs and wage addendums for various locals identified in audit report pursuant to request from Employer's attorney | 1.50 |
| 05/23/24 HE | Continued reviewing and preparing CBAs and Wage Addendums pursuant to request from Employer's attorney | 0.70 |
| 05/24/24 HE | Email correspondence with Megan Moore. Began reviewing materials in support of Employer's audit challenges | 1.30 |
| 06/05/24 HE | Began drafting 26(a)(1) initial disclosures | 2.70 |
| 06/07/24 HE | Review and edit 26(a)(1) initial disclosures | 0.50 |
| 06/10/24 JAB | Review and revise Rule 26 disclosures | 0.50 |
| 06/18/24 HE | Review and edit draft 26(a)(1) Disclosures. Drafted Certificate of Service regarding the same | 0.60 |
| 06/19/24 HE | Final review and edit of 26(a)(1) Disclosures. Email correspondence with opposing counsel | 0.40 |
| 06/20/24 HE | Review Defendant's Initial Rule 26(a)(1) Disclosures | 0.20 |
| 07/30/24 HE | Reviewed discovery deadlines and determine appropriate course of action | 0.30 |
| 07/31/24 HE | Prepare for telephone conference with Employer's attorney to discuss several aspects of the lawsuit. Telephone conference regarding the same | 0.20 |
| 08/05/24 HE | Drafted Plaintiffs Disclosure of Expert Witness | 0.75 |
| 08/14/24 HE | Began preparing Request for Admission of Facts and Genuineness of Documents. Reviewed CBAs and Participation Agreements to determine applicability. Telephone conference with Fund Office regarding the same | 1.50 |
| 08/15/24 HE | Exchange of emails and telephone conference with Megan Moore | 0.20 |
| 08/16/24 HE | Exchange of emails with opposing counsel | 0.10 |
| 08/26/24 HE | Telephone conference with Larry Sciortino. Drafted letter to Local 703 regarding audit amounts and status | 1.10 |
| 08/26/24 JAB | Telephone with Larry regarding delinquency; telephone with Rusty Davenport | 0.40 |
| 08/26/24 JAB | Review and revise letter regarding delinquency | 0.40 |
| 08/28/24 HE | Exchange of emails with opposing counsel regarding documents requested | 0.20 |
| 08/29/24 HE | Exchange of emails with Employer's attorneys | 0.20 |
| 08/29/24 JAB | Review expert disclosure | 0.25 |
| 09/03/24 HE | Began drafting Requests for Admission of Facts | 0.50 |
| 09/04/24 HE | Reviewed Defendant's Answer to Complaint. Determined scope of discovery and what facts are needed for potential Motion for Summary Judgment. Continued drafting Request for Admission of Facts and Genuineness of Documents | 2.80 |
| 09/05/24 HE | Continued drafting Requests for Admission of Facts. Drafted Requests regarding collective bargaining agreements with four | 4.00 |

7

| | | |
|---|---|---|
| | local unions spanning 12 years and participation agreements with various funds | |
| 09/16/24 HE | Telephone conference with Todd Miller regarding status of case. Prepared for and attended Status Conference with Judge Long | 0.50 |
| 09/19/24 HE | Telephone conference with Larry Sciortino regarding email from state contract officer; Review correspondence regarding the same | 0.30 |
| 09/23/24 HE | Telephone conference with Larry Sciortino regarding request from state contract compliance officer | 0.10 |
| 10/16/24 HE | Review Scheduling Order and determine timelines for issuing discovery | 0.25 |
| 11/04/24 HE | Drafted email to Employer's attorney regarding status of case and potential resolution | 0.25 |
| 01/29/25 HE | Review and finalize Requests to Admit and Interrogatories. Draft Motion to Extend | 1.70 |
| 01/30/25 JAB | Review and prepare revisions to Motion regarding discovery | 0.50 |
| 02/03/25 HE | Review Employer's Answer to determine scope of discovery needed | 0.60 |
| 02/06/25 HE | Prepare for status conference. Telephone conference with attorney for Employer. Attend status conference and calendar revised deadlines. Revise discovery to be issued | 1.40 |
| 02/07/25 JAB | Review draft discovery and strategize on most efficient discovery to propound on defendant | 0.50 |
| 02/07/25 HE | Continue drafting Requests to Admit. Draft RTA for each employee, by year by audit code, in both audit reports | 5.40 |
| 02/10/25 HE | Continue drafting Requests for Admission. Draft Interrogatories and Requests to Produce. Telephone call to Employer's attorney regarding discovery. Draft email to Employer's attorney regarding potential audit challenges and potential deposition dates. Review and finalize discovery to be issued | 5.70 |
| 02/25/25 HE | Review amended scheduling order and determine timeframes for depositions | 0.60 |
| 02/26/25 HE | Prepare email to Employer's attorney regarding scheduling of depositions. Begin determining facts needed for potential Motion for Summary Judgment | 1.10 |
| 03/05/25 HE | Draft follow-up email to Employer's counsel regarding potential deposition dates | 0.40 |
| 03/10/25 HE | Reviewed facts admitted to by Defendant to date. Began preparing for upcoming deposition of Employer's owner, Cleotis Johnson | 2.75 |
| 03/12/25 HE | Drafted Notice of Discovery Deposition | 0.40 |
| 03/13/25 HE | Calculate discovery response timeline | 0.20 |

8

| | | |
|---|---|---|
| 03/14/25 HE | Continue reviewing facts admitted to date to determine what additional facts may be needed for Motion for Summary Judgment | 3.30 |
| 03/17/25 HE | Continued preparing for deposition of Owner | 0.50 |
| 03/20/25 HE | Draft email to Employer's attorney regarding status of Requests to Admit | 0.20 |
| 03/26/25 HE | Continue reviewing facts admitted to date. Research issues related to audit report. | 1.30 |
| 03/27/25 HE | Continue reviewing facts admitted to date to determine whether additional discovery is needed | 2.40 |
| 03/28/25 HE | Reviewed timeline for completion of discovery to determine appropriate legal strategy | 0.20 |
| 04/08/25 HE | Reviewed email from Employer's attorney regarding audit challenges. Reviewed affidavits from employees that Employer claims are shop/office employees. Begin reviewing audit reports to determine amount of contributions subject to Employer's claims | 3.50 |
| 04/11/25 HE | Continue reviewing audits in order to determine amount of liability subject to Employer's audit challenge to 'Shop' employees | 2.30 |
| 04/14/25 HE | Drafted email to Employer's attorney regarding recent audit challenges and additional audit challenges | 0.25 |
| 04/18/25 HE | Telephone conference with Todd Miller regarding audit challenges. Prepare email to Fund Office regarding audit challenges and information needed to verify | 1.10 |
| 04/28/25 HE | Telephone conference with Larry Sciortino regarding audit challenges. Exchange of emails with Todd Miller regarding additional employee declarations | 0.40 |
| 04/30/25 HE | Began drafting Recommendation on Audit Challenges pertaining to Shop Employees for presentation at upcoming Board of Trustees meeting | 1.80 |
| 05/01/25 HE | Reviewed and edited draft Recommendation regarding audit challenges | 1.00 |
| 05/01/25 JAB | Review and edits to the recommendation to the Trustees regarding audit challenges | 1.00 |
| 05/05/25 HE | Telephone conference with Larry Sciortino regarding audit challenges | 0.20 |
| 05/08/25 HE | Telephone conference with Larry Sciortino regarding status of audit challenges | 0.20 |
| 05/09/25 JAB | Finalize edits to the recommendation | 0.75 |
| 05/09/25 JPL | Reviewed recommendation, evaluated circumstances and legal strategy regarding employee waivers and status of pending litigation, and prepared edits to case recommendation memorandum | 0.50 |
| 05/09/25 JAB | Review and final revisions to recommendation | 0.30 |

9

| | | |
|---|---|---|
| 05/12/25 JAB | Telephone with Larry regarding challenges; review email from Larry regarding same | 0.30 |
| 05/15/25 HE | Telephone conference with Larry Sciortino regarding status of audit challenges | 0.20 |
| 05/16/25 HE | Telephone conference with Chris Kime at Local 751 regarding employer's audit challenges | 0.20 |
| 05/20/25 HE | Draft letter to Employer's attorney regarding audit challenges and offer from Fund to resolve the case | 1.00 |
| 05/22/25 HE | Review and finalize correspondence to Employer's attorney pertaining to audit challenges | 0.30 |
| 05/22/25 HE | Review and revisions to settlement offer | 0.40 |
| 05/28/25 JAB | Review file status; telephone conference with opposing counsel regarding latest settlement offer | 0.40 |
| 05/28/25 JAB | Attend telephone conference with the District Court | 0.30 |
| 05/28/25 HE | Prepare for status conference. Update Attorney Blickhan on status of case | 0.20 |
| 06/02/25 JAB | Receipt and review of revised scheduling dates issued by the Court | 0.25 |
| 07/09/25 JAB | Review file and working owner issues; telephone with Larry concerning contributions owed on behalf of the owner | 1.00 |
| 07/22/25 JAB | Review and edits to the draft Motion for Summary Judgment; particularly review discovery responses and revise the undisputed material facts section of the brief | 2.75 |
| 08/21/25 CW | Review court docket in preparation for drafting Stipulated Judgment | 0.20 |
| 08/21/25 JAB | Prepare email to counsel concerning status of settlement | 0.25 |
| 08/21/25 JAB | Preparation of outline of Stipulated Judgment documents | 1.20 |
| 08/22/25 CW | Draft stipulation, Stipulated Judgment and Motion for Entry of Stipulated Judgment; Review of audits and challenges in conjunction with drafting the same | 2.80 |
| 08/25/25 JAB | Preparation of indemnification agreement as part of settlement for hours removed from the audit | 2.00 |
| 08/25/25 CW | Edit draft Stipulated Judgment to propose to opposing counsel | 0.50 |
| 08/26/25 CW | Review and edit Indemnification Agreement | 0.65 |
| 08/26/25 JAB | Review all stipulated judgment documents; review the audits to ensure all previously approved audit challenges are removed; edits to stipulated judgment documents | 2.00 |
| 08/27/25 CW | Prepare for tomorrow's Status Hearing and outline potential scenarios to present to Judge | 0.50 |
| 08/27/25 JAB | Final review and edits to the stipulated judgment documents; review and confirm all amounts, email to opposing counsel | 1.50 |
| 08/28/25 CW | Phone call with Defendant's counsel regarding status conference and potential settlement | 0.15 |
| 08/28/25 JAB | Preparation for and attend status conference | 0.40 |
| 09/04/25 JAB | Review settlement documents signed by the Employer; email to opposing counsel regarding the same | 0.50 |

10

| | | |
|---|---|---|
| 09/25/25 CW | Draft and file Joint Motion to Extend Dispositive Motion Deadline given settlement documents are still being executed | 0.50 |
| 09/25/25 CW | Create excel sheet showing audit liability, challenges with audit codes, liquidated damages, audit costs, and ultimate liability due reflected in Stipulation | 1.10 |
| 09/25/25 JAB | Extended telephone call with Employer's attorney regarding settlement documents | 0.40 |
| 09/25/25 JAB | Review and edits to the motion for extension | 0.40 |
| 09/26/25 CW | Finalize liability excel sheet summary to provide to Defendant Employer and attorney | 1.00 |
| 10/07/25 JAB | Review amounts sought compared to the audit challenges; review stipulated judgment documents; email to opposing counsel with explanation | 1.50 |
| 10/10/25 CW | Draft motion to extend dispositive motion deadline due to settlement documents still being executed | 0.20 |
| 10/10/25 JAB | Telephone with opposing counsel regarding status of settlement documents | 0.30 |
| 10/10/25 JAB | Review and edit to motion | 0.20 |
| 10/14/25 JAB | Review Order concerning dispositive motion deadline | 0.25 |
| 10/21/25 CW | Email to opposing counsel regarding settlement documents | 0.20 |
| 10/22/25 CW | Phone call to Defendants Attorney to discuss settlement progress | 0.10 |
| 10/23/25 JAB | Correspondences with opposing counsel regarding settlement documents as well as deadlines with the court | 0.50 |
| 10/24/25 CW | Draft final Motion for Extension of as Defendant is still executing settlement documents | 0.20 |
| 11/07/25 JAB | Prepare motion to continue dispositive motion deadline | 0.50 |
| 11/10/25 JAB | Review Order from the Court concerning deadlines | 0.20 |
| 11/13/25 JAB | Review email from Todd Miller; revise stipulated judgment documents; email to Todd | 0.50 |
| 11/21/25 JAB | Email and phone calls to opposing counsel | 0.40 |
| 11/21/25 JAB | Prepare status report as required by the District Court | 0.50 |
| 12/09/25 JAB | Continue preparation of Motion for Summary Judgment | 2.50 |
| 12/09/25 JAB | Begin strategy and preparation of affidavit in support of motion for summary judgment | 1.50 |
| 12/10/25 JAB | Review prior correspondences and exchanges of settlement documents; research and review whether it is viable and cost effective to prepare and file a motion to enforce settlement agreement | 1.75 |
| 12/11/25 JAB | Prepare motion to stay dispositive motion deadline; email the same to opposing counsel for approval; exchange of emails; file motion | 1.00 |
| 12/29/25 JAB | Review email from the Clerk concerning dates for a potential settlement conference; prepare response | 0.40 |
| 02/17/26 JAB | Review Order resetting deadlines | 0.20 |

| | | |
|---|---|---|
| 02/17/26 JAB | Review and continue preparation of Motion for Summary Judgment as Employer is not going to execute the settlement documents, specifically, gather all CBAs and audit reports to determine extent to which an affidavit will be needed from the Fund Office | 1.30 |
| 03/09/26 JPL | Review and analyze case file, including pleadings, prior correspondence, payroll examination reports, Requests for Admission, and other file materials to evaluate evidentiary record, identify undisputed material facts and required supporting documentation, and prepare for drafting of motion for summary judgment | 2.30 |
| 03/09/26 JPL | Begin drafting and preparation of Motion for Summary Judgment, including preparation of introduction, procedural background, jurisdiction and venue sections, and statement of undisputed material facts | 2.00 |
| 03/10/26 JPL | Preparation and drafting of detailed affidavit of auditor (Romolo & Associates) establishing professional qualifications, procedures used in conducting payroll examinations, reliance on employer payroll records, methodology used to calculate contributions owed, and findings of payroll examination reports | 1.50 |
| 03/10/26 JPL | Preparation and drafting of detailed affidavit of Kyle Forshee (Fund Office representative) establishing Fund's contribution collection procedures and background information, summary of payroll examination findings, calculation of contributions owed, explanation of additional contribution shortages identified through review of employer reporting information, calculation of liquidated damages, and explanation of assessments for audit costs and attorneys' fees and costs | 2.00 |
| 03/11/26 JPL | Continue with drafting and preparation of Motion for Summary Judgment, including preparation of and legal argument section establishing Defendant's liability for delinquent contributions and dues based upon payroll examination findings and admissions in pleadings and discovery responses | 3.80 |
| 03/11/26 JPL | Reviewed and performed legal research to confirm case law regarding summary judgment standard, third-party beneficiary status, and deemed admission of facts for failure to respond to requests for admissions | 1.00 |
| 03/12/26 JPL | Conduct legal research regarding standards governing entry of summary judgment and evidentiary burdens in ERISA delinquent contribution cases involving payroll examinations and employer records, and review case law addressing burden shifting when employee benefit funds produce audit findings establishing delinquent contributions, including analysis of Seventh Circuit decisions regarding employer obligations to rebut audit findings | 1.60 |

12

| | | |
|---|---|---|
| 03/12/26 JPL | Preparation and drafting of detailed attorney fee affidavit in support of attorneys' fees and costs | 1.00 |
| 03/13/26 JPL | Continue with drafting and preparation of Motion for Summary Judgment, prepare edits and revisions to expand upon summary judgment sections regarding delinquent contributions, liquidated damages, audit costs and attorney's fees and costs | 2.30 |
| 03/13/26 JPL | Prepare edits and revisions to Affidavit of auditor | 0.30 |
| 03/13/26 JPL | Prepare edits and revisions to Affidavit of Kyle Forshee | 0.50 |
| 03/24/26 JPL | Perform final review and editing to Motion for Summary Judgment, supporting affidavits, and memorandum of law | 1.90 |
| 03/24/26 JPL | Prepare email to Joe Romolo regarding affidavit concerning audits in support of Motion for Summary Judgment | 0.10 |
| 03/24/26 JPL | Prepare email to Kyle Forshee regarding affidavit from Fund Office detailing amounts due and related matters in support of Motion for Summary Judgment | 0.10 |
| 03/24/26 JPL | Compile and confirm complete exhibits in support of Motion for Summary Judgment | 0.90 |
| | | |
| | | |
| | TOTAL HOURS 73.40 x $175.00 PER HOUR | $12,845.00 |
| | TOTAL HOURS 8.10 x $200.00 PER HOUR | $1,620.00 |
| | TOTAL HOURS 13.05 x $215.00 PER HOUR | $2,805.75 |
| | TOTAL HOURS 20.85 x $225.00 PER HOUR | $4,691.25 |
| | TOTAL HOURS 28.20 x $245.00 PER HOUR | $6,909.00 |
| | TOTAL HOURS 22.80 x $250.00 PER HOUR | $5,7000.00 |
| | | |
| | TOTAL FEES | $34,571.00 |
| | | |
| | COSTS | |
| 09/26/22 | Filing Fee – US District Court | $402.00 |
| 12/12/22 | Service Fee – Clutter Investigations | $162.00 |
| 01/04/24 | Postage – Certified Mail | $11.17 |
| | | |
| | TOTAL COSTS | $575.17 |
| | | |
| | **TOTAL COSTS AND FEES** | **$35,146.17** |

10.    The attorney's fees billed by Cavanagh & O'Hara LLP for the work performed in this matter, as well as for the collection measures undertaken in connection with this action, are within the customary range charged by the firm for comparable services.

13

11.     Based on my knowledge and experience, and my familiarity with rates typically charged by other law firms for comparable work in the field of employee benefits and ERISA enforcement, I believe these rates are reasonable and consistent with prevailing market rates for legal services in Sangamon County, Illinois, as well as in the counties within the jurisdiction of the United States District Court for the Central District of Illinois. In forming this opinion, I have considered the skill, experience, and responsibilities of each timekeeper involved, as well as the complexity and specialized nature of the work performed.

12.     The amount of time expended by the attorneys of Cavanagh & O'Hara LLP was reasonable and necessary in light of the nature and circumstances of this matter. The defendant's failure to timely report hours, remit contributions, and cooperate with and fulfill its obligations under applicable collective bargaining agreements and trust agreements, required the Funds to retain counsel to take multiple legal steps to protect the interests of its participants and beneficiaries. Each phase of the work undertaken was tailored to the complexity and evolving posture of the case and aligned with the fiduciary duty of the Funds' Trustees to pursue all reasonable means of recovery of delinquent contributions. The fees and costs incurred accurately reflect the time, expertise, and resources required to handle the matter in a diligent and efficient manner and are consistent with those customarily charged for similar work in the employee benefits and ERISA enforcement field.

13.     The attorney's fees and related costs incurred by the Funds are fair, reasonable, and appropriate under the circumstances. These expenses were necessary to fully and properly present the Funds' claims and to facilitate the Funds' efforts to collect delinquent contributions and other amounts owed. The Funds incurred these costs in the prudent exercise of its fiduciary and

14

contractual duties to enforce rights under the collective bargaining agreement, trust agreements, and ERISA.

14.    The attorney's fees and costs incurred by the Funds in this matter are invoiced to the Funds on a monthly basis.

15.    The attorney's fees and costs incurred by the Funds in this matter through February, 2026, have been invoiced to the Funds, with all invoices through January 2026 having been paid.

16.    The attorney's fees and related costs incurred by the Funds in this matter from March 1, 2026 through March 31, 2026 will be invoiced to the Funds after the end of March, 2026.

FURTHER THIS AFFIANT SAYETH NAUGHT.

By:___s/ John P. Leahy_____
JOHN P. LEAHY
CAVANAGH & O'HARA LLP
Attorneys for Plaintiffs
2319 W. Jefferson Street
Springfield, IL 62702
(217) 544-1771 – Telephone
(217) 544-9894 – Facsimile

SUBSCRIBED AND SWORN to before me on this $\partial$7 day of March, 2026.





NOTARY PUBLIC

15